## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**MICHAEL JAMES KUBICHKA,**

**Plaintiff,**

v.

**Case No. 26-CV-365**

**FRANK BISIGNANO,**
**Commissioner of the**
**Social Security Administration,**

**Defendant.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Michael James Kubichka, proceeding *pro se*, recently filed a complaint against the Commissioner of the Social Security Administration. (ECF No. 1.) Accompanying Kubichka's complaint was a Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.)

Having reviewed this motion, the court concludes that Kubichka lacks the resources to pay the filing fee. Accordingly, Kubichka's Request to Proceed in District Court without Prepaying the Filing Fee is **granted**.

However, because Kubichka is proceeding without prepayment of the filing fee, the court must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

### 1. Legal Standard

The court may screen and dismiss a complaint if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### 2. Background

Kubichka alleges that the Social Security Administration (SSA) wrongfully denied his Social Security benefits. (ECF No. 1.) Kubichka previously challenged the SSA's decision related to his application for disability benefits in 2021. That case was remanded to the SSA for further proceedings pursuant to 42 U.S.C. § 405(g). *See Kubichka v. Kijakazi*, No. 21-CV-892-LA (E.D. Wis., May 26, 2022). It appears that

2

a new hearing was held and Kubichka was again found to not be disabled. (ECF No. 1 at 3.)

Here, Kubichka seeks judicial review of the new decision. (ECF No. 1 at 3.) He claims that the Commissioner's denial "was not supported by substantial evidence" and "was based on legal errors," and questions the difference between the findings in the first hearing compared to the second. (ECF No. 1 at 3.)

Kubichka further seeks damages for the pain and suffering he experienced while not receiving benefits. He accuses the Commissioner of ignoring him and requests compensation for three years of homelessness and estrangement from his daughter. (ECF No. 1 at 6-7.) He asks for student loan forgiveness, child support payments provided by the government, and reimbursement of court costs. (ECF No. 1 at 7.)

### 3. Analysis

Under 42 U.S.C. § 405(g), federal district courts cannot review complaints for social security benefits until the plaintiff has sought and received a final decision from the SSA denying such benefits. It is unclear whether Kubichka has exhausted his administrative remedies following the denial of his claim for benefits. However, because the SSA can provide this information, and because Kubichka has stated a claim alleging that the SSA rendered a decision, his request for judicial review may proceed at this stage.

To the extent that Kubichka seeks relief other than the benefits allegedly owed to him, his complaint fails to state a plausible claim for relief. The Supreme Court is

leery of extra-statutory damages suits, *Brooks v. Richardson*, 131 F.4th 613, 614 (7th Cir. 2025), and Congress has provided a comprehensive scheme under the Social Security Act to appeal the revocation of benefits. *Slabon v. Berryhill*, 751 F. App'x 928, 930 (7th Cir. 2019), citing *Schweiker v. Chilicky*, 487 U.S. 412, 414, 424, 426, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988). Sections 405(g) and 405(h) permit judicial review of agency decisions and provide an exclusive remedy limiting recovery to the benefits available under the Act.

"Compensatory and punitive damages are unavailable forms of relief for the denial or reduction of Social Security payments." *Williams v. Commissioner*, No. 23-3185, 2024 U.S. App. LEXIS 5984, at *6 (10th Cir. Mar. 13, 2024). The Act does not authorize claims for money damages against officials even if their unconstitutional conduct leads to the wrongful denial of benefits. *Slabon v. Berryhill*, 751 F. App'x 928, 930 (7th Cir. 2019), citing *Chilicky*, 487 U.S. at 422. Where a plaintiff challenges any misconduct related to the denial of Social Security benefits, the plaintiff's remedy is limited to the benefits (if any) that were wrongly denied. *See, e.g., Chilicky*, 487 U.S. at 424-25 (holding that the Social Security Act does not contain a "remedy in damages for emotional distress or for other hardships suffered").

### 4. Conclusion

Kubichka's request for judicial review of the SSA's most recent decision may proceed. The other relief he seeks, however, is subject to dismissal under 28 U.S.C. § 1915(e)(2) on the basis that he has not stated plausible claims for relief. If Kubichka wishes to proceed with his other claims, he will have to file a separate action, but as

4

noted above, compensatory and punitive damages may be unavailable as a matter of law.

The Clerk is directed to serve the Commissioner.

This matter shall proceed in accordance with the schedule set forth in the briefing letter the Clerk of Court shall issue promptly.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 17th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

Case 1:26-cv-00365-BBC     Filed 03/17/26     Page 5 of 5     Document 5