# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL JAMES KUBICHKA,**

**Plaintiff,**

**v.**                                             **Case No. 26-CV-365**

**FRANK BISIGNANO,**
*Commissioner of Social Security,*

**Defendant.**

## DECISION AND ORDER

Michael James Kubichka seeks judicial review of a final decision by the Social Security Administration that found Kubichka not disabled and therefore not entitled to disability benefits. (ECF No. 1.) Before the court now is the Commissioner's motion to dismiss Kubichka's complaint for lack of jurisdiction. (ECF No. 9.) In the alternative, the Commissioner moves for summary judgment on the ground that the pleadings and supplemental declaration show no genuine issue of material fact. (ECF No. 9.) The Commissioner supports his motion in part with a declaration by the SSA's Chief of Court Case Preparation and Review, Branch 3. (ECF No. 9-1 at 1-4.)

Civil Local Rule 12 requires that "[i]n litigation involving a pro se party where matters outside the pleadings are presented to the court in conjunction with a motion to dismiss[…] the motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary

evidence will be accepted by the court as being true unless the pro se party submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." *See* Civ. L. R. 12. Civil Local Rule 56 provides further protections for pro se litigants in the event a motion for summary judgment is filed. *See* Civ. L. R. 56; *see also Perez v. Walters,* No. 22-cv-0805-bhl, 2024 U.S. Dist. LEXIS 25591, at *4 (E.D. Wis. Feb. 14, 2024) ("[Civil L. R. 56(a)(1)] requires the moving party to provide the pro se adversary with the full text of Civil Local Rules 7, 56(a) and (b), and Federal Rule of Civil Procedure 56(c), (d), and (e).").

It appears that the Commissioner failed to follow local rules for moving to dismiss or moving for summary judgment against a pro se litigant. *See* Civ. L. R. 12; Civ. L. R. 56(a)(1); *see also* Brown v. Garth-Dickens, No. 16-cv-241-pp, 2018 U.S. Dist. LEXIS 58716, *11, at *11 (E.D. Wis. Mar. 30, 2018) ("In other words, if a party asking a court to dismiss a case asks that court to rely on information that is outside the four corners of the complaint, that party must provide the pro se plaintiff with a copy of the rule governing summary judgment."). Consequently, the court will deny the motion to dismiss but will do so without prejudice. The court will permit the Commissioner until May 18, 2026, to either file the administrative record, or ensure a renewed motion to dismiss or motion for summary judgment complies with the local rules. *See, e.g.*, *Perez,* 2024 U.S. Dist. LEXIS 25591, at *3 (explaining that even if the case is one where the material facts are not disputed and an early motion for summary judgment is appropriate, the defendants must first comply with the proper local procedure).

**IT IS THEREFORE ORDERED** that the Commissioner's motion to dismiss (ECF No. 9) is **DENIED WITHOUT PREJUDICE**. The Commissioner has until May 18, 2026, to renew its motion in accordance with the local rules or file the administrative transcript.

Dated at Green Bay, Wisconsin this 6th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge