# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL JAMES KUBICHKA,**

**Plaintiff,**

**v.**                                           **Case No. 26-CV-365**

**FRANK BISIGNANO,**
***Commissioner of Social Security,***

**Defendant.**

## DECISION AND ORDER

Michael James Kubichka seeks judicial review of the Social Security Commissioner's determination that Kubichka is not disabled and therefore not entitled to disability benefits. (ECF No. 1; ECF No. 5.) The Commissioner asks the court to dismiss Kubichka's complaint for lack of subject matter jurisdiction, or, in the alternative, grant summary judgment in the Commissioner's favor. (ECF No. 11.) The Commissioner contends that Kubichka's suit is untimely because he did not file his claim within the sixty-day time limit. (ECF No. 11-1 at 1-2.) Kubichka argues that his suit is not untimely because he never received notice of the Commissioner's final decision. (ECF No. 12.)

If a Rule 12(b)(6) motion relies on material outside the pleadings, the court must ordinarily convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). But the court may consider documents attached to a motion to dismiss if they

are referenced in the plaintiff's complaint and are central to his claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Here, the court finds that the materials considered are both referred to in and are central to Kubichka's complaint. *See Fluellen v. Bisignano*, No. 25-cv-1382-pp, 2025 LX 665709, at *6-7 (E.D. Wis. Dec. 29, 2025) (considering the administrative record without converting the defendant's motion into one for summary judgment); *Exum v. Kijakazi*, No. 23-CV-721, 2023 U.S. Dist. LEXIS 156175, at *6 (E.D. Wis. Sep. 5, 2023) (considering declaration of Social Security Administration official without converting the defendant's motion into one for summary judgment). The court will thus proceed under the Rule 12(b)(6) standard and not convert the motion into one for summary judgment. The court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiffs. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

If a claimant is dissatisfied with the Administrative Law Judge's decision on the merits, he may request that the Appeals Council review the decision. *See* 20 C.F.R. § 416.1400(a)(4). Here, after the ALJ again determined that Kubichka was not disabled, Kubichka submitted a timely request for review dated March 13, 2024. (ECF No. 12-1.) The Appeals Council went on to deny Kubichka's request in February 2025. (ECF No. 11-1 at 33-36).

A party may then seek judicial review of the Commissioner's final decision (in this case, the Appeals Council's denial of review) by bringing a civil action "*within sixty days* after the mailing to him of notice of such decision[.]" 42 U.S.C. §405(g)

(emphasis added). A claimant is presumed to receive a notice of denial "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). In this case, the Appeals Council's denial notice is dated February 20, 2025. (ECF No. 11-1 at 33.) Under the presumption detailed in 20 C.F.R. § 422.210(c), Kubichka would have had until April 26, 2025, to timely file his federal action. Instead, Kubichka filed suit in this court on March 6, 2026. (ECF No. 1.)

Kubichka claims that he never received notice of the Appeals Council's denial. (ECF No. 12). He states that he made several phone calls (ECF No. 12 at 2) and sent a letter (ECF No. 12-1 at 7) to the Social Security Administration inquiring about the status of his request for review. He alleges that on one call in mid-to-late 2025, a woman informed him that his claim was still open. (ECF No. 12 at 2.)

"The 60-day requirement is not jurisdictional but constitutes a period of limitations that may be tolled by the Commissioner or the Court if 'fairness demands.'" *Choate v. Berryhill*, No. 3:17cv742-PPS, 2018 U.S. Dist. LEXIS 97930, at *4 (N.D. Ind. June 11, 2018) (citations omitted). "Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if the plaintiff can show that he was pursuing his rights diligently and that some kind of extraordinary circumstances prevented the timely filing." *Id.* (citing *United States v. Wong*, 135 S.Ct. 1625, 1632-33, 1637, 191 L. Ed. 2d 533 (2015)). The claimant bears the burden to show that equitable tolling is warranted. *See Carrie Ann B. v. Berryhill*, No. 18 CV 50208, 2019 U.S. Dist. LEXIS 67782, at *3 (N.D. Ill. Apr. 4, 2019).

Equitable tolling is a doctrine used sparingly. *Bensman v. United States Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005). But courts have found it appropriate where the pro se claimant received misleading information from a Social Security office, *James v. Berryhill*, No. 17 C 5252, 2017 U.S. Dist. LEXIS 183303, at *4 (N.D. Ill. Nov. 6, 2017), or attempted diligently (albeit unsuccessfully) to ensure compliance with the filing deadline, *Purchase v. Colvin*, No. 15-cv-1075-JPG-CJP, 2016 U.S. Dist. LEXIS 164382, at *5 (S.D. Ill. Nov. 29, 2016). In line with other cases in this district, the court finds that Kubichka is entitled to equitable tolling here.

Accepting his well-pleaded facts as true, Kubichka has demonstrated that he diligently pursued this appeal. His briefing includes a letter to the SSA, dated February 25, 2025, that asks for "a written update about [his] claim." (ECF No. 21-1 at 7.) He additionally states that he made several calls to the SSA and was advised that his claim was still open. (ECF No. 12 at 2.) It even appears that this present suit in federal court was primarily an attempt to get the SSA to respond about the status of his claim. *See* ECF No. 12 at 2 ("defendant was ignoring me… finally responded to me after I filed in district court March 6, 2026").

Kubichka has further demonstrated that some extraordinary circumstance stood in his way of a timely filing; namely, Kubichka has made a reasonable showing that he did not receive notice of the final decision. Kubichka's brief raises a legitimate question: why would he have a record of calling and writing the SSA to inquire regarding the status of the decision if he had received the final decision? But most compelling is the mismatch between the address listed on his request for review and

the one used by the Appeals Council. The address listed on Kubichka's "Request for Review of Hearing Decision/Order" is 1831 August St. (ECF No. 12-1 at 1.) He even took care to note his updated address in the evidence attached to his request for review. (ECF No. 12-1 at 3.) The Appeals Council, however, mailed its notice of denial to 411 St. John Street. (ECF No. 11-1 at 33.) Thus, the notice was clearly mailed to the wrong address.

The court accepts all well-pleaded facts as true and construes all inferences in favor of Kubichka, as is required at this stage. Considering Kubichka's status as a pro se plaintiff, and in light of the misaddressed notice, the inaccurate information received from the SSA office, and his diligent attempts to track the correct date, the court finds that Kubichka's filing delay is entitled to equitable tolling. Accordingly,

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss or Alternatively for Summary Judgment (ECF No. 11) is **DENIED**. The Commissioner shall file and serve the certified administrative record by September 16, 2026. Kubichka shall then file a brief no later than 30 days after the filing of the certified administrative record.

Dated at Green Bay, Wisconsin this 16th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge